### DIXON *vs.* THE STATE OF GEORGIA.

1. Where, upon a trial for murder, the evidence showed that the accused and the deceased had been at enmity with each other for some time previous to the fatal rencounter; that assaults and threats of killing had been made by each against the other, and each bore malice against the other; that on the night of the homicide the deceased was on his way homeward; that he stopped by the roadside and sat down and was talking with a woman, when the accused came up with a stick or fence-rail in his hand and commenced a conversation with him about the woman, and finally dared him to come on, to which the deceased said, "I am coming"; that no one witnessed the termination of the tragedy, but blows were heard and a cry of murder after each blow in a voice recognized as that of the deceased; that the accused ran away and was gone about three years before he was arrested and brought to trial; and that where the deceased was found lying there was a rail or part of a rail with blood upon it; and where the accused himself admitted in his statement to the jury that he did the killing under certain circumstances stated by him, there was sufficient evidence to support a finding of guilty, and there was no error in refusing to grant a new trial.

March 2, 1888.

Criminal Law. Murder. Verdict. Before Judge BOWER. Dougherty Superior Court. April Term, 1887.

Reported in the decision.

S. J. JONES, by H. MORGAN, for plaintiff in error.

CLIFFORD ANDERSON, attorney-general, by brief; W. N. SPENCE, solicitor-general, for the State.

BLANDFORD, Justice.

Dixon was indicted and tried in the superior court of Dougherty county, and found guilty of the murder of Wash. Hooper. He made a motion for a new trial, upon the ground that the verdict was contrary to law and to the evidence, and upon the ground of newly-discovered evidence; which motion was overruled, and he excepted.

The evidence shows that the accused and the deceased had been at enmity with each other for some time previous to the rencounter which resulted in the death of Hooper, and that assaults and threats had been made by each against the other; and it is very well-established that each of these parties bore malice against the other, each threatening to kill the other. On the night in question, it is shown by the testimony, that the deceased was on his way homeward, and that he stopped on the roadside and sat down and was talking with a woman, when the accused came up with a stick or fence-rail in his hand, and commenced a conversation with him about the woman he was talking to, and finally dared the deceased to come on, and the deceased said, "I am coming." No one witnessed the termination of the tragedy, but the witnesses for the State heard blows, and heard a cry of "murder" after each blow, and recognized that cry as the voice of Hooper, the deceased. Dixon ran off, and was gone some three years before he was arrested and brought to trial for his offence. Where the deceased was found lying, there was a large rail or part of a rail, with blood upon it; and the accused himself admitted in his statement to the jury, that he did the killing, under certain circumstances, which he stated. The jury found him guilty; and we think there was sufficient evidence to authorize the finding. Under the state of facts presented, we are of the opinion that the killing of either of these parties by the other would be murder, although there was a mutual fight to some extent. It was not a sudden falling out, but the fighting appears to have

been done upon deliberation; they had threatened to kill each other, and bore legal malice against each other; and under such circumstances, we think there was no error on the part of the court in refusing to grant a new trial.

Judgment affirmed.